[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#107)
This is a suit alleging wrongful discharge from employment. The plaintiff, Miguel Ayala, has moved to strike the first affirmative defense filed by the defendant, L.B.I. Acquisition Corp.
The challenged special defense is a follows:
Defendant's Affirmative Defenses
 1. Plaintiff fails to state a claim upon which relief can be granted.
The plaintiff asserts that the special defense, as pleaded, fails to comply with the rules of practice because it asserts no facts but instead makes only a legal claim. For the reasons set forth below, the motion to strike is granted.
The special defense, as pleaded, does not comply with the rules of practice. Connecticut is a fact pleading state. See Practice Book § 10-1 ("Each pleading shall contain a plain and concise statement of the material facts on which the pleader relies"). Moreover, the function of a special defense is to plead facts that show that the plaintiff has no cause of action for reasons other than the inaccuracy of the facts alleged in the complaint. Practice Book § 10-50. Here no facts have been alleged at all. Instead, the defendant has alleged a legal claim that the plaintiff has failed to state a claim upon which relief can be granted. Such a claim is generally raised by way of a motion to strike. See Practice Book § 10-39. CT Page 13297
The weight of authority in superior court decisions is that a special defense like the one at issue in this case is improper and should be stricken. See Pozoukidis v. City of Bridgeport, No. 97-0346988, 1988 WL 70646 (Conn.Super. 1988) (Mottolese, J.);Smith v. Walsh, No. 970406487, 1998 WL 928433 (Conn.Super. 1998) (Zoarski, J.); United Technology Corp. v. Turbine Kinetics,
Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 548324 (February 24, 1998). All of these cases turn on the common theme that our rules entitle a plaintiff to a reasonable factual basis as to the nature of the defense asserted.
A contrary view was taken in Scan Associates. Inc. v.Civitello Building Co., Inc., No. CV 93-0350643, 1994 WL 33605 (Conn.Super. 1994) (Hodgson, J.) where a special defense similar to the one alleged here withstood a motion to strike. ScanAssociates, while recognizing that the special defense did not comply with the rules of practice, concluded that the Supreme Court had authorized a defendant to make such a claim. In support of this conclusion, Scan Associates relied on Robert S. Weiss Associates. Inc. v. Wiederlight, 208 Conn. 525, 535 n. 5 (1988). In that case, the Supreme Court considered whether by failing to move to strike before trial, d defendant waived its right to assert on appeal the failure of the plaintiff to plead or prove a claim upon which relief could be granted. The Supreme Court noted that it would not construe the failure to move to strike before trial as a bar to asserting a lack of cause of action on appeal. The case did not concern the issue in the present case — whether a factually devoid special defense is permissible.
Because the first affirmative defense fails to allege any facts, it does not comply with the fact-based requirements of Connecticut pleading. Accordingly, the motion to strike the first affirmative defense is granted.
So Ordered at New Haven, Connecticut this 30th day of September 1999.
Devlin, J. CT Page 13298